﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191217-50792
DATE: September 30, 2020

REMANDED

Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to service-connected disabilities, is remanded.

Entitlement to service connection for migraines, to include as secondary to service-connected cervical spine condition, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from September 1978 to September 2000.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In a December 2019 VA Form 10182, the Veteran requested direct review of the April 2019 rating decision by the Board under the Appeals Modernization Act (AMA). Under direct review, a Board decision is based on the evidence at the time of the prior decision. The Board cannot hold a hearing or accept additional evidence into the record in its direct review. 38 C.F.R. § 20.301. Accordingly, the Board may consider the evidence of record as of April 27, 2019, the date of the prior decision.

The Board may not consider evidence after the April 27, 2019 prior rating decision date. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify any additional evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. GERD

The Board has reviewed the record and finds that this issue must be remanded to correct a duty to assist error that occurred prior to the April 2019 rating decision on appeal.

The Agency of Original Jurisdiction (AOJ) obtained a March 2019 VA medical opinion prior to the April 2019 rating decision on appeal. However, this medical opinion does not provide an opinion regarding whether the Veteran’s GERD was aggravated by the use of non-steroidal anti-inflammatory (NSAID) for his service-connected disabilities.

The March 2019 VA medical opinion simply stated that the Veteran’s GERD was less likely than not proximately due to or the result of the Veteran’s service-connected condition, including headaches, left shoulder tendonitis, left upper extremity radiculopathy, cervical spine condition, bilateral plantar fasciitis, and status post left foot surgery (service-connected disabilities). See March 2019 VA Medical Opinion DBQ. The examiner explained that based on existing medical principles that GERD was known to be exacerbated by the use of NSAID. See id. The Board finds the examiner failed to further opine whether the continuous use of NSAID to treat his service-connected disabilities aggravated his GERD.

Further, the Board finds the private medical opinion received in August 2018 also failed to provide an opinion on whether the Veteran’s GERD was aggravated by the continuous use of NSAID due to his service-connected disabilities. See August 2018 Private Medical Opinion. For this reason, the Board finds the private medical opinion is inadequate as to whether the Veteran’s GERD was aggravated by his use of NSAID.

Under AMA, if the Board identifies a duty to assist error that existed at the time of the AOJ’s decision on the claim under review, the claim must be returned for correction of the error and readjudication, which is the case here. 38 C.F.R. § 3.2601(g).

2. Migraines

The Board has reviewed the record and finds that this issue must also be remanded to correct a duty to assist error that occurred prior to the April 2019 rating decision on appeal.

The AOJ obtained a March 2019 VA medical opinion prior to the April 2019 rating decision on appeal. However, this medical opinion does not provide an opinion regarding whether the Veteran’s migraines were aggravated by his service-connected cervical spine condition.

The March 2019 VA medical opinion simply stated that the Veteran’s migraines were less likely than not proximately due to or the result of the Veteran’s service-connected condition, including his cervical spine condition. See March 2019 VA Medical Opinion DBQ. The VA examiner’s rationale in support of his negative opinion states that there is no evidence in the medical literature that headaches, including hemicrania, is caused by cervical spine condition. See id. The Board finds the examiner failed to further opine whether the Veteran’s service-connected cervical spine condition aggravated his migraines.

Further, the Board finds the private medical opinion received in September 2018 also failed to provide an opinion on whether the Veteran’s migraines were aggravated by his service-connected cervical spine condition. See September 2018 Private Medical Opinion. The private examiner simply stated that according to history and the private medical records, that the Veteran’s condition is most often caused by stress of pain and that the Veteran’s stress of pain causing his migraines was from his service-connected cervical spine condition. See September 2018 Private Medical Opinion. For this reason, the Board finds the private medical opinion is inadequate as to whether the Veteran’s migraines were aggravated by his service-connected cervical spine condition.

Under AMA, if the Board identifies a duty to assist error that existed at the time of the AOJ’s decision on the claim under review, the claim must be returned for correction of the error and readjudication, which is the case here. 38 C.F.R. § 3.2601(g).

The matters are REMANDED for the following action:

1. The RO should obtain a VA addendum opinion, from the examiner who completed the March 2019 VA medical opinion, as to the etiology of the Veteran’s GERD. The claims file must be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran’s VA and private medical records. 

The examiner should provide an opinion as to the following:

(a.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s GERD was aggravated by the use of NSAID for treatment of any or all service-connected disability.

i. If yes, why?

ii. If no, why not?

(b.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s GERD underwent any incremental increase, in disability, regardless of its permanence, due to any service-connected disability.

i. If yes, why?

ii. If no, why not?

The term incremental increase in disability means additional impairment of earning capacity. Objective measurement, or numerical quantification, is not required to ascertain an increase in disability. 

The examiner should provide a detailed rationale for all opinions expressed, including by citing to the record.

2. The RO should obtain a VA addendum opinion, from the examiner who completed the March 2019 VA medical opinion, as to the etiology of the Veteran’s migraines. The claims file must be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran’s VA and private medical records. 

The examiner should provide an opinion as to the following:

(a.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s migraines were aggravated by pain caused in connection with any service-connected disability, including his cervical spine condition.

i. If yes, why?

ii. If no, why not?

(b.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s migraines underwent any incremental increase, in disability, regardless of its permanence, due to pain caused by any service-connected disability, including his cervical spine condition.

i. If yes, why?

ii. If no, why not?

The term incremental increase in disability means additional impairment of earning capacity. Objective measurement, or numerical quantification, is not required to ascertain an increase in disability. 

The examiner should provide a detailed rationale for all opinions expressed, including by citing to the record.

3. THE AOJ MUST REVIEW THE CLAIMS FILE AND ENSURE THAT THE FOREGOING DEVELOPMENT ACTION HAS BEEN COMPLETED IN FULL.  IF ANY DEVELOPMENT IS INCOMPLETE, APPROPRIATE CORRECTIVE ACTION MUST BE IMPLEMENTED.

 

 

YVETTE R. WHITE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Glaeser, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.